IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

April 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

LOVELL LIGHTNER,                    *

    Appellant,                    *    C.C.A. # 03C01-9806-CR-0027P

VS.                                 *    HAMILTON COUNTY

STATE OF TENNESSEE,                 *

    Appellee.                     *

## OPINION

The petitioner, Lovell Lightner, appeals the dismissal of his petition for post-conviction relief. The following issues have been presented for our review:

> (I) whether the petition is barred by the statute of limitations;
>
> (II) whether the petitioner's guilty plea was knowing and voluntary; and
>
> (III) whether the petitioner received the effective assistance of counsel.

Because the petition is barred by the statute of limitations, this court affirms the dismissal pursuant to Rule 20, Tenn. Ct. Crim. App.

In 1991, the petitioner was convicted of attempted first degree murder. The trial court imposed a fifteen-year sentence. No appeal was taken. On February 6, 1997, the petitioner filed this petition for post-conviction relief, alleging that his guilty plea was neither knowingly nor voluntarily entered and that his counsel was ineffective. Appointed counsel filed an amended petition. After an evidentiary hearing, the trial court dismissed the petition, concluding that it was barred by the statute of limitations. While acknowledging that the petition is untimely, the petitioner asserts that the application of the statute of limitations would abridge his right to due process. See Sands v. State, 903 S.W.2d 297 (Tenn. 1995); Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992).

Under the Post-Conviction Procedure Act of 1995, a petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-202(a). The statute provides that the limitations period "shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Id. Thus, this petition, filed six years after entry of the judgment of conviction is barred by the statute of limitations. Id.

The only exceptions are if the claim is based upon a new rule of constitutional law applicable to the petitioner's case, the claim is based upon new scientific evidence showing innocence, or the claim is based upon an enhanced sentence that was enhanced because of convictions that have subsequently been found to be illegal. Tenn. Code Ann. § 40-30-202(b).

Neither ineffective assistance of counsel nor the entry of an invalid guilty plea qualify as new constitutional grounds for relief. See Strickland v. Washington, 466 U.S. 668 (1984); Boykin v. Alabama, 395 U.S. 238 (1969). Thus, the allegations in the petition do not satisfy any exception to the statute of limitations. Moreover, we do not find that application of the statute of limitations in this instance runs afoul of due process principles. In Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992), our supreme court held that in certain situations application of the statute of limitations in a post-conviction proceeding might violate constitutional due process. In determining whether there has been such a violation, the essential question is whether the time period allowed by law provides petitioner a fair and reasonable opportunity to file suit. Id. In Burford, the petitioner could not have filed within the three-year limitation absent a determination on his prior

2

post-conviction petition.  Our supreme court ruled that Burford was "caught in a procedural trap and unable to initiate litigation ... despite the approach of the three-year limitation."  Id.  There was no such trap here.

In Sands v. State, 903 S.W.2d 297 (Tenn. 1995), our supreme court further defined how to apply the Burford test.  Courts are required to

(1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced;  and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.  In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," against the state's interest in preventing the litigation of "stale and fraudulent claims."

Sands, 903 S.W.2d at 301 (citations omitted) (quoting Burford, 845 S.W.2d at 207, 208).

The petitioner contends his ground for relief arose after the limitations period:

The appellant discovered in the post-conviction hearing that his attorney had not reviewed all the discovery material available to him by the state, nor had his attorney waited for the mental evaluation report before advising appellant to enter a plea agreement.

In this case, the limitations period would have begun when the judgment of conviction was entered in 1991.  In our view, the petitioner's assertions, even if true, would not qualify as "later-arising."  A prompt investigation would have revealed the deficiencies in counsel's performance.  This is not a situation where the state has suppressed or hidden evidence.  The petitioner has offered no explanation for why he was so tardy in discovering the deficiencies in counsel's performance.  Our court

has "refused to engraft a discovery rule over the statute of limitations in post-conviction cases." Passarella v. State, 891 S.W.2d 619, 625 (Tenn. Crim. App. 1994). That the petitioner inadvertently stumbled upon deficiencies in counsel's performance during the evidentiary hearing will not qualify as an exception to the statute of limitations. Id.

Having concluded the petition is clearly barred by the statute of limitations, we need not address the other issues. Accordingly, the judgment of the trial court is affirmed. Costs shall be taxed to the state.


_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
James Curwood Witt, Jr., Judge


_____
Norma McGee Ogle, Judge